**In re LOWRY.**

**Patent Appeal No. 3362.**

Court of Customs and Patent Appeals.
Jan. 7, 1935.

O. H. Eschholz, of East Pittsburgh, Pa. (J. Howard Flint, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, rejecting claims 34, 35, and 36 of appellant's application for a patent upon a claimed new alloy, comprising nickel, cobalt, iron, titanium, and the like.

Said claims are as follows:

"34. An improved alloy of nickel-cobalt base having high mechanical, electrical and oxidation resistance consisting of nickel in minimum amount of about 3.5% and cobalt in minimum amount of about 3.5%, the sum of nickel and cobalt ranging from about 70% to 95%, and the balance being approximately 30% to 5% iron plus metal selected from a group consisting of vanadium, molybdenum, manganese, tungsten and titanium, the selected metal being about 10% to 1% of the total alloy.

"35. An improved alloy of nickel-cobalt base having high mechanical, electrical and oxidation resistance, consisting of nickel in minimum amount of about 3.5% and cobalt in a minimum amount of about 3.5% the sum of nickel and cobalt ranging from about 70% to 95%, and about 1% to 10% titanium, and the balance primarily iron.

"36. An improved alloy of nickel-cobalt base having high mechanical, electrical and oxidation resistance consisting of cobalt in minimum amount of about 5% and nickel present in excess of the cobalt, the sum of nickel and cobalt ranging from about 70 to 95%, and the balance approximately about 30 to 5% iron plus metal selected from a group consisting of vanadium, molybdenum, manganese, tungsten, and titanium, the selected metal being about 4% to 1% of the total alloy."

These claims were rejected by the Examiner on indefiniteness and on certain references. The Board of Appeals affirmed this decision, on all grounds. Other claims, more definite and specific, were allowed.

The appellant offered in support of his application in the office the affidavits of Percy G. McVetty and Porter H. Brace, each of whom was entirely qualified to speak on the subject of alloys, and each of whom had conducted experiments relative to alloys comprising nickel and cobalt and the other elements mentioned by appellant in his specification.

The Examiner was of opinion that the metals, cobalt and nickel, as used in this application, were used as, and were, equivalents. The affidavit of McVetty took issue with this, and said, inter alia: "Deponent states that he has conducted tests and measurements of this alloy in comparison with other alloys, and as a result he is clearly of the opinion that the alleged equivalency does not exist in this alloy but that the alloy is a new metal system to which nickel and cobalt contribute their own peculiar and non-interchangeable factors. * * *"

Brace expresses a similar view in his affidavit. Each expresses the further view that, as the proportions of these metals which enter into the alloys are changed, the character of the alloy radically changes, especially as to hot tensile strength. After a careful reading of these affidavits, it is impossible to escape the conviction that, on this record, nickel and cobalt cannot be considered as equivalents.

Claims 34 and 35 represent a range of cobalt from 3.5 per centum to 91.5 per centum, and of nickel from 3.5 per centum to 91.5 per centum. Claim 36 provides, as its proportions, a minimum amount of 5 per centum cobalt, and nickel present "in excess of the cobalt."

If we accept the appellant's contentions of nonequivalency, there seems to be no escape from the conclusion of the Board of Appeals: "* * * If, on the other hand, as strenuously urged by appellant, they are not equivalent, then it is very clear that these claims cover alloys of very different character and the range is of such wide scope that the claims should not be allowed because of their indefiniteness, and as covering two alloys of different characteristics."

We are of opinion that the Board properly rejected claims 34, 35, and 36 on the ground of indefiniteness. In so doing, it was within the doctrine announced by us in several cases. In re Gray et al., 53 F.(2d) 520, 19 C. C. P. A. (Patents) 745; In re Richter, 53 F.(2d) 525, 19 C. C. P. A. (Patents) 756.

The appellant argues that he has shown invention in his "high-cobalt range." The difficulty with this position is that his rejected claims are not so limited, and we may not read limitations into them. In re Krichbaum, 39 F.(2d) 280, 17 C. C. P. A. (Patents) 979; In re Stern, 40 F.(2d) 1000, 17 C. C. P. A. (Patents) 1234.

In view of our conclusions above stated, we find it unnecessary to discuss the other grounds of rejection.

The decision of the Board of Appeals is affirmed.

Affirmed.